UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-20701

PABLO COMAS,

      Plaintiff,

vs.

CHRIS'S AUTO SALES CORP.,
AMANDA BARRIOS, AND
SACHA BROCHE

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, Pablo Comas, sues Defendants, Chris's Auto Sales Corp., Amanda Barrios, and Sacha Broche, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Pablo Comas**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    **Defendant, Chris's Auto Sales Corp.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.    **Defendant, Amanda Barrios Vasquez,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

4.    **Defendant, Sacha Broche,** was at all times material an

owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. She also ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

5.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq*., and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

7.      Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Pablo Comas, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

9.      Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

10.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

11.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, and financing of cars and trucks that were manufactured and/or assembled outside of the State of Florida through methods which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

12.     Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

13.     Defendants regularly and routinely finance vehicles for customers through out-of-state lenders, verify their credit information through out-of-state vendors, and further maintain their vehicles for sale through products that traveled in interstate commerce.

14.     Defendants engage in e-commerce through the internet on their website, https://chrisautos.com, which they registered through GoDaddy LLC (a foreign corporation).

15.     Defendants engage in interstate commerce in their submission of billings and receipt of payment involving out-of-state vendors.

16.     Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

17.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

18.     Plaintiff was a non-exempt employee of Defendants.

19.     Plaintiff consents to participate in this lawsuit.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

20. In particular, Defendants own and operate a used car and truck sales business using tires, fluids, vehicles, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

21. Plaintiff worked for Defendants as a "car salesman".

22. Plaintiff's job duties involved marketing and selling vehicles for Defendants.

23. Defendants agreed to pay Plaintiff at a rate of $350 per car sold.

24. Plaintiff worked for Defendants, Chris's Auto Sales Corp., Amanda Barrios,  from approximately October 9 to 19, 2021.

25. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

26. Defendants controlled all job-related activities of Plaintiff.

27. Defendants coordinated all job-related activities of Plaintiff.

28. Defendants supervised Plaintiff's work.

29. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that he worked.

30. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

31. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

32.     Plaintiff is entitled to a backpay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Pablo Comas, demands the entry of a judgment in Plaintiff's favor and against Defendants, Chris's Auto Sales Corp., Amanda Barrios, and Sacha Broche, jointly and severally, after trial by jury and as follows:

a.      That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.      That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.      That Plaintiff recover all interest allowed by law;

e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.      Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (Against Chris's Auto Sales Corp.)

Plaintiff, Pablo Comas, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

5

33.     Through this claim, Plaintiff seeks recover of the "pure gap time" wages that he worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

34.     Plaintiff and Defendant, Chris's Auto Sales Corp., agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him at a rate of $350 for each car he sold.

35.     Plaintiff sold 8 ½ cars (another salesperson helped with the sale of one of the cars), according to the Bills of Sale that identified him as the salesperson on each of the vehicles.

36.     Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid from October 9 to 19, 2021.

37.     Defendant, Chris's Auto Sales Corp., however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $350.00 per car Defendant.

38.     Plaintiff has been damaged because of this Defendant's failure to pay for the work performed in a timely manner by not paying him the $1,575.00 that he earned.

WHEREFORE Plaintiff, Pablo Comas, demands the entry of a judgment in his favor and against Defendant, Chris's Auto Sales Corp., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this

---

[1]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Against Chris's Auto Sales Corp.)

Plaintiff, Pablo Comas, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

39.     Through this claim, Plaintiff seeks recover of the "pure gap time" wages that he worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

40.     Plaintiff provided labor and services for Defendant, Chris's Auto Sales Corp., from October 9 to 19, 2021, and it received and accepted the benefits of the labor and services supplied by Plaintiff through his selling 3.5 cars for it.

41.     Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

42.     Plaintiff provided services on behalf of Defendant, Chris's Auto Sales Corp., for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

---

[2]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

43.     Defendant, Chris's Auto Sales Corp., was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from October 9 to 19, 2021.

WHEREFORE Plaintiff, Pablo Comas, demands the entry of a judgment in his favor and against Defendant, Chris's Auto Sales Corp., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, Pablo Comas, demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of March 2022,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*