UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20701-BLOOM/Otazo-Reyes

PABLOS COMAS,

     Plaintiff,

v.

CHRIS'S AUTO SALES CORP,
AMANDA BARRIOS, and
SACHA BROCHE,

     Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Pablos Comas' ("Plaintiff") Amended Motion for Entry of Final Judgment, ECF No. [24] ("Motion"). A Clerk's Default was entered against Defendant Chris's Auto Sales Corp and Sacha Broche (collectively, "Defendants") on April 4, 2022, and May 20, 2022, respectively, as Defendants failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1] ("Complaint"), despite having been served. *See* ECF Nos. [9], [21]. The Court has carefully reviewed the Motion, the Complaint, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.     FACTUAL BACKGROUND

On March 8, 2022, Plaintiff sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by not paying him the minimum wages he earned. ECF No. [1]; *see e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*,

711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996)).

Plaintiff served the Summons and Complaint on Defendant Chris's Auto Sales Corp on March 10, 2022. ECF No. [6-1]. Plaintiff served the Summons and Complaint on Defendant Sacha Broche on April 19, 2022. ECF No. [14-1]. On May 16, 2022, Plaintiff filed a notice of voluntary dismissal against former Defendant Amanda Barrios, ECF No. [18], which was approved and adopted by this Court on May 17, 2022. ECF No. [19]. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Defendants were required to timely respond to the Summons and Complaint or request (and receive) an extension of time to respond.

Defendant Chris's Auto Sales Corp, after having been served with the Complaint and Summons, took none of the required actions in a timely fashion such that the Clerk of Courts issued a Clerks' Default against it on April 4, 2022. ECF No. [9]. Plaintiff mailed Defendant Chris's Auto Sales a copy of the Clerk's Default on April 5, 2022, at the address where Defendant Chris's Auto Sales Corp was served with process. Defendant Sacha Broche, after having been served with the Complaint and Summons took none of the required actions in a timely fashion such that the Clerk of Courts issued a Clerks' Default against her on May 20, 2022. ECF No. [21]. Plaintiff mailed Defendant Sacha Broche a copy of the Clerk's Default on May 23, 2022 at the address where she was served with process. Since the date of filing the instant lawsuit, none of the Defendants contacted the undersigned nor filed any papers in this cause.

Plaintiff also filed a Declaration of Indebtedness by Pablo Comas, where he declared that he is owed back wages in the total amount of $1,575.00 for unpaid/underpaid minimum wages, plus liquidated damages as a penalty equal to his unpaid/underpaid minimum wages of $1,575.00,

so that the total amount of damages due to Plaintiff equals $3,150.00, exclusive of attorneys' fees and costs.

## II.     LEGAL STANDARD

In *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, the Eleventh Circuit Court of Appeals recognized that "[a] 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).

## III.    DISCUSSION

Satisfying this standard, Plaintiff alleged facts in the Complaint that, as admitted pursuant to Defendants' default and failure to timely respond, establish that Defendants were both subject to and violated the FLSA by failing to pay his minimum wages, thereby entitling Plaintiff to recover his unpaid wages, liquidated damages, attorneys' fees, and costs. To recover under the FLSA, Plaintiff is "simply" required to demonstrate "a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, 319 F. App'x. 761, 763 (11th Cir. 2008) (*citing* 29 U.S.C. §§ 206, 207, 215(a)(2), 215(a)(5)).

A.     <u>Defendants Employed Plaintiff</u>

Plaintiff alleged that Defendants employed Plaintiff. ECF No. [1] ¶¶ 9, 17-18.

B.     <u>The FLSA Applies to Defendants and to Plaintiff's Work for Defendants</u>

Next, Plaintiff must also demonstrate that he is entitled to the protections of the FLSA by virtue of enterprise or individual coverage.

Case No. 22-cv-20701-BLOOM/Otazo-Reyes

> To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or in the production of goods for commerce, or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E & S Landscaping Serv., Inc.,* 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)). For individual FLSA coverage to apply, a plaintiff must show that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (citing 29 U.S.C. § 207(a)(1)).

*West v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-21685-CIV, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012).

In the Complaint, Plaintiff alleged that Defendants were engaged in interstate commerce and had gross revenues exceeding $500,000.00 per year in the course of operating a used car and truck sale business using tires, fluids, vehicles, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside the State of Florida. ECF No. [1] ¶¶ 10-16, 20. Plaintiff, therefore, sufficiently alleged a basis for the Court to find that Defendants are subject to FLSA enterprise coverage. *See Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1369 (S.D. Fla. 2008).

Plaintiff further alleged that his job duties entailed marketing and selling vehicles for Defendants. ECF No. [1] ¶ 22. Plaintiff sufficiently alleged a basis for the Court to find that he is entitled to individual FLSA coverage. *See e.g.*, *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (individual coverage exists for employee "regularly using the instrumentalities of interstate commerce in her work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.") (citing 29 C.F.R. § 776.23(d)(2); § 776.24 (2005)).

C.    Plaintiff Performed Work for Which He Was Not Paid

Plaintiff does not have any time and pay records from Defendants and based his calculations on his recollection of the dates and times worked and the pay he received.

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out her burden of proof.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Plaintiff attested to having suffered damages for unpaid minimum and overtime wages in the amount of $1,575.00. Plaintiff thus satisfied the requirement that he provide the Court with evidentiary support for his damages.

> Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

*Febles v. RC Painting Contractors, Inc.*, No. 13-60208-Civ, 2013 WL 12138553, at *1 (S.D. Fla. Dec. 31, 2013).

      D.    <u>Plaintiff is Entitled to Liquidated Damages</u>

The FLSA requires the doubling of an unpaid/underpaid overtime wage award unless the employer(s) can successfully show good faith pursuant to 29 U.S.C. § 260. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."); *see also Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566-67 (11th Cir. 1991). The employer carries the burden of proving its entitlement to the "safe harbor" provisions of the Portal-to-Portal Act. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Defendants have not

and cannot meet their burden allowing the Court discretion on whether to award liquidated damages by failing to defend this action; therefore, the Court must award liquidated damages to Plaintiff in an amount equal to his unpaid minimum and overtime wages. *See e.g.*, *Joiner*, 814 F.2d at 1539 ("Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith."). Consequently, Plaintiff is entitled to recover an additional amount of $1,575.00 as liquidated damages from Defendants.

       E.      <u>Plaintiff Alleged a *Prima Facie* Case for Breach of Contract and Unjust Enrichment</u>

Plaintiff's Declaration of Indebtedness established that he first entered into a contract with Defendants pursuant to which he would perform work for them at a rate of $350.00 for each car sold. Defendants breached their contractual arrangement with Plaintiff when it did not pay him at all for some of the cars that he sold, resulting in damages (in the form of unpaid wages) to him in the amount of $1,575.00. In the alternative, Plaintiff alleged that without a contract or remedy at law, he is entitled to the reasonable value of the services and/or the benefit conferred on Defendant.

## IV.      CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion, **ECF No. [24]**, is **GRANTED**.

2.  Final Judgment will be entered by a separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 24, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 22-cv-20701-BLOOM/Otazo-Reyes

CHRIS'S AUTO SALES CORP.
c/o ACCUTAX ADVISORY CORP, its Registered Agent
3801 Hollywood Blvd
Pembroke Pines, FL 33021

SACHA BROCHE
8840 NW 172nd Terrace
Hialeah, FL 33018